UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN THOMAS McQUEEN,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

CASE NO. C12-5733 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 14), and Plaintiff John Thomas McQueen's ("McQueen") objections to the R&R (Dkt. 15).

On July 3, 2013, Judge Creatura issued the R&R recommending that the Court affirm the Administrative Law Judge's ("ALJ") denial of benefits to McQueen. Dkt. 14. On July 17, 2013, McQueen filed objections to the R&R arguing that Judge Creatura erred when he upheld the ALJ's rejection of the opinion of McQueen's treating physican, Dr. Michael Martin. Dkt. 15.

ORDER - 1

The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P 72(b)(3).

In this case, the ALJ concluded that McQueen was capable of performing past relevant work as an assembler. Dkt. 8 ("Tr.") at 22. The ALJ found that the record as a whole established that McQueen's impairments cause some limitations in his ability to perform basic, work-related activities. *Id*. In making that finding, the ALJ rejected the opinion contained in the forms Dr. Martin completed in support of McQueen's worker's compensation claim. *Id*. Dr. Martin checked boxes on those forms indicating that McQueen was "was not capable of working." *Id*.

In the R&R, Judge Creatura found that the ALJ provided specific and legitimate reasons, which were supported by substantial evidence in the record, for the rejection of Dr. Martin's opinion on the worker's compensation form. Dkt. 14 at 16. McQueen assigns four specific errors in the R&R. Dkt. 15 at 2–7.

**A.    Adverse Credibility Determination**

Before discussing Dr. Martin's opinion, Judge Creatura considered the ALJ's credibility determination of McQueen. Dkt. 14 at 8–9. Judge Creatura concluded that the ALJ's adverse credibility determination of McQueen supports the ALJ's conclusion that Dr. Martin's opinion should be discounted. *Id*. at 9. McQueen objects that this "reasoning was improper." Dkt. 15 at 2. The Court agrees because the ALJ did not cite this reason for rejecting Dr. Martin's opinion. *Bray v. Comm'r of SSA*, 554 F.3d 1219,

1226-27 (9th Cir. 2009) (court's review is limited to "reasoning and actual findings offered by the ALJ– not *post hoc* rationalizations . . . ."). Rejecting this portion of the R&R, however, does not alter Judge Creatura's ultimate conclusion.

**B.      Application of Objective Medical Improvement**

McQueen's next objection is that the medical evidence may have shown improvement, but not as to McQueen's lower back problems. Dkt. 15 at 3–7. Judge Creatura found that, even if the evidence is susceptible to multiple rational interpretations, the ALJ's decision must be upheld if supported by one of the possible rational interpretations. Dkt. 14 at 11. The Court agrees and adopts the R&R on this issue.

**C.      Physical Examinations v. Objective Medical Evidence**

The ALJ also rejected Dr. Martin's opinion because the physical examinations were unremarkable and did not support the significant limitations. Tr. at 22. McQueen contends that this rejection shows that the ALJ based his opinion on physical examinations while ignoring objective clinical evidence. Dkt. 15 at 6. The Court disagrees for two reasons. First, this was an additional reason the ALJ rejected Dr. Martin's opinion and does not show that every reason for the rejection was based soley on physical examinations. Second, upon review of the record, the ALJ thoroughly discussed the objective clinical evidence. *See* Tr. at 18–22.

**D.      Substantial Medical Evidence in the Record**

Judge Creatura found that the ALJ's finding of objective improvement was supported both by Dr. Martin's records and other substantial evidence in the record. Dkt.

Case 3:12-cv-05733-BHS   Document 17   Filed 08/20/13   Page 4 of 4

14 at 14. McQueen claims this was error because the ALJ could only rely on Dr. Martin's records. Dkt. 15 at 6. The standard, however, is specific and legitimate reasons supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996). McQueen has failed to show that the "substantial evidence" should be limited to the treatment records of the physical whose opinion has been rejected. Therefore, the Court adopts the R&R on this issue.

The Court having considered the R&R, McQueen's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) The ALJ's decision is **AFFIRMED**; and

(3) This action is **DISMISSED**.

Dated this 20th day of August, 2013.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4